I must respectfully dissent from that part of the majority opinion which dismisses the extorted self-incriminating testimony of appellant-defendant as non-prejudicial and not requiring reversal.
The trial court forced the admission of adultery from defendant with threat of punishment for contempt after claim of constitutional immunity. The admitted adultery was committed after separation and suit by plaintiff. Contrary to statement of the majority, the admission was not corroborative of testimony of the wife and son. Their testimony was of events prior to separation and, at best, presented mere suspicious circumstances. The trial court by its coercive and plainly erroneous acts certainly gave positive indication that it considered such admission material to determining judgment in the case. Its subsequent findings and remarks in the record show that the court did consider the admissions in determining gross misconduct by defendant. To say that other acts of misconduct shown by the evidence were sufficient to sustain the award of alimony evades the issue. That issue is that it is not reasonably questionable that the forced admission of adultery was considered by the trial court in assessing the degree of misconduct and fault of defendant, and that the award of the great majority of the unencumbered capital assets of the marriage to the plaintiff was influenced by the inadmissible testimony. It must be concluded that the court was prejudiced by the admission because it took such strong measures to secure it. If it had already before it sufficient evidence, as the majority states, to render its judgment, it went to great extreme to secure more.
The issue, as I see it, is not whether there is other evidence which is sufficient to sustain the discretionary judgment of the trial court on appeal, but, rather, would the court have reached the same judgment had the extorted admission of adultery not been before it. Certainly, this court would have sustained on appeal a judgment much less generous to plaintiff and less punitive to defendant. I see a marked distinction between an inadvertent ruling as to merely cumulative evidence and a determined and aggressive act to secure constitutionally protected evidence of an inflammatory and prejudicial nature.
I would reverse as to the division of property and award of alimony and remand for further consideration about the admission of defendant. *Page 992